1  KILPATRICK TOWNSEND & STOCKTON LLP
   MEHRNAZ BOROUMAND SMITH (State Bar No. 197271)
2  RYAN T. BRICKER (State Bar No. 269100)
   HANNAH T. YANG (State Bar No. 311814)
3  Two Embarcadero Center, Suite 1900
   San Francisco, California  94111
4  Telephone:  (415) 576-0200
   Facsimile:  (415) 576-0300
5  E-Mail:     mboroumand@kilpatricktownsend.com
               rbricker@kilpatricktownsend.com
6              hyang@kilpatricktownsend.com

7  Attorneys for Plaintiffs
   ORACLE CORPORATION and
8  ORACLE INTERNATIONAL CORPORATION

9

10                    UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  ORACLE CORPORATION,                  Case No. 3:19-cv-04900
    a Delaware corporation, and ORACLE
14  INTERNATIONAL CORPORATION,           **COMPLAINT FOR FEDERAL**
    a California corporation,            **TRADEMARK INFRINGEMENT;**
15                                       **FEDERAL TRADEMARK DILUTION;**
                                         **UNFAIR COMPETITION UNDER**
                    Plaintiffs,          **FEDERAL AND CALIFORNIA LAW;**
16                                       **CYBERSQUATTING; AND STATE**
         v.                              **TRADEMARK INFRINGEMENT**
17                                       **AND DILUTION**
    CRYPTO ORACLE, LLC,
18  a Delaware limited liability company, **DEMAND FOR JURY TRIAL**
    and LOUIS KERNER, an individual,
19
                    Defendants.
20

21

22         Oracle Corporation and Oracle International Corporation file this complaint to prevent

23  Crypto Oracle, LLC and its owner, Louis Kerner, from using a copy of plaintiffs' famous ORACLE

24  trademark as the sole distinctive element of Defendants' CryptoOracle brand, which they use to

25  market a variety of consulting, educational event planning, and related services, all offered to Oracle's

26  own customers and users who operate or have interest in the cryptocurrency field.

27         Defendants' mimicry – and their refusal to adopt their own original, non-infringing name –

28  threatens to mislead the public and to deprive Oracle of its right to control its own brand within an

important, emerging sector of its technology business.  While Oracle would otherwise welcome some of defendants' endeavors, including events aimed at fostering a community around innovative and curious blockchain-enthusiasts, Oracle cannot tolerate the use of its famous trademark to brand defendants' business.  Despite Oracle's efforts to resolve this dispute short of litigation, this lawsuit has become necessary to stop Crypto Oracle and Mr. Kerner from trading on the reputation and good-will that Oracle has earned among consumers throughout the technology industry, including in relation to plaintiffs' own consulting and finance-related services, and solutions for use in blockchain and cryptocurrency applications.

## NATURE OF ACTION

1.     Oracle Corporation and Oracle International Corporation seek preliminary and permanent injunctive relief and damages against Defendants Crypto Oracle, LLC d/b/a CryptoOracle ("CryptoOracle") and Louis Kerner (collectively, "Defendants") for Defendants' willful infringement and dilution of the ORACLE trademark,  unfair competition under the Lanham Trademark Act of 1946, as amended, Title 15, United States Code, § 1051 *et seq*. (the "Lanham Act"), cybersquatting under the Lanham Act, and for infringement, dilution and unfair competition under California Business & Professions Code §§ 14200 and 17200, *et seq.* and the common law.

2.     Plaintiff Oracle Corporation ("OC"), one of the world's foremost providers of network computing hardware, computing systems, computer software, services and solutions and a leading developer of enterprise and Internet-based products and technologies, is a Delaware corporation having its principal place of business in Redwood City, California.  It is a licensee in the United States of the ORACLE marks at issue in this case.  OC is also the owner and registrant of the Internet domain name <www.oracle.com>.

3.     Plaintiff Oracle International Corporation ("OIC") is a California corporation, having its only place of business in Redwood City, California.  OIC is a direct, wholly owned subsidiary of Oracle Corporation and the owner of the ORACLE marks.  Plaintiffs OC and OIC are collectively referred to herein as "Oracle."

4.     Oracle owns numerous registrations in the United States and worldwide for the ORACLE mark.  Oracle uses its ORACLE mark in connection with its wide array of software

applications and solutions.  Among those offerings, Oracle uses the ORACLE brand to promote and commercialize the Oracle Blockchain Platform, its blockchain platform-as-a-service (PaaS).  Oracle also uses its ORACLE mark to brand and promote conferences, seminars, trade shows, and other events, such as its annual conference Oracle OpenWorld, which include informational, educational and networking programming across the spectrum of Oracle's services and business offerings, including in relation to Oracle's blockchain services.  As a result of its extensive use of the ORACLE mark, Oracle has developed tremendous goodwill in the ORACLE brand.  Indeed, Oracle consistently ranks in the top 20 of brand-ranking lists:  Oracle ranked #18 in Forbes' 2019 The World's Most Valuable Brands Report and #19 in Interbrand's 2018 Best Global Brands Report.

5.     On information and belief, Defendant Louis Kerner is an individual domiciled at 25 West 39th Street, 10th Floor, New York, New York 10018.  On the CryptoOracle website and elsewhere, Mr. Kerner is identified as the CEO and Co-Founder of CryptoOracle, roles that Mr. Kerner has touted when appearing on national television programs and at industry conferences across the country.  On December 27, 2018, after receiving a letter from Oracle explaining its concerns about CryptoOracle's misuse and infringement of the ORACLE mark, Mr. Kerner applied, as an individual, to register the CRYPTOORACLE mark at the U.S. Patent and Trademark Office, covering business and financial consulting services in the field of cryptocurrency (Serial No. 88/242,342).

6.     On information and belief, Defendant CryptoOracle is a Delaware limited liability company founded in 2017 with its principal place of business in New York, New York.  CryptoOracle purports to be a venture capital ("VC") firm focused on supporting and advising companies building distributed ledger technologies.  CryptoOracle promotes its services on the World Wide Web at <http://www.cryptooracle.io>, <http://www.cryptooracle.co>, <http://www.cryptooracle.fund>, and <http://www.cryptooraclefund.com>.

7.     Defendants use the ORACLE mark in the CryptoOracle business name, domain names, and social media account usernames for services that overlap with and are related to goods and services offered by Oracle.  Specifically, Defendants are using, without authorization, Oracle's famous ORACLE mark to brand their own services.  Defendants' addition of the descriptive term "crypto" does nothing to distinguish the marks, but rather suggests that Defendants are an affiliate of Oracle

or otherwise are endorsed by Oracle.  Defendants' copying of the ORACLE mark is likely to confuse consumers as to the source of Defendants' services and dilute Oracle's famous ORACLE brand. Unless Defendants are enjoined from continuing to use Oracle's marks to promote Defendants' services, the ORACLE mark will continue to be infringed and the ORACLE mark will continue to be diluted, thereby eroding the distinctive quality of marks that Oracle has developed for over forty years.

**JURISDICTION AND VENUE**

8.     This is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), (c), and (d) *et seq.*, and related claims under California statutory and common law.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).  This Court has supplemental jurisdiction over the state law issues pursuant to 28 U.S.C. § 1367.

9.     This Court has personal jurisdiction over CryptoOracle because it conducts business in and directs acts toward California and within this District.  For example, CryptoOracle promotes, organizes and runs events – including "Fireside chat" informational events and "CryptoMonday" educational and networking events – within this District, including in San Francisco.  The CryptoMonday events that CryptoOracle holds throughout this District are promoted as "powered by CryptoOracle."  Recent examples of such events follow.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16



17

18

19

20

21

22

23

24

25

26



27  / / /

28  / / /

1

2

3

4

5

6

7

8

9

10

11



12  CryptoOracle also owns and operates a series of interactive websites, each of which displays and

13  uses the infringing mark, and allows visitors – including those in this District – to sign up for

14  CryptoOracle's consulting services and join CryptoOracle's "community."  On information and

15  belief, CryptoOracle targets individuals in this District – renowned as the home of some of the most

16  innovative and important technology companies, their founders and employees – for inclusion in its

17  community.  CryptoOracle's conduct within or directed toward California and this District have

18  caused Oracle's injuries in this District.

19         10.     The Court may exercise personal jurisdiction over Mr. Kerner because of Mr. Kerner's

20  position as the CEO and Founder of CryptoOracle, and his acts within and directed toward this

21  District.  Mr. Kerner travels to California to speak at various industry conferences and events in this

22  District and elsewhere in the state, all under the infringing CryptoOracle mark and brand.  On

23  information and belief, in 2018 alone, he appeared at five or more industry events in California

24  about cryptocurrency and related subjects.  Mr. Kerner is also active online and publishes content on

25  websites including Medium, YouTube and Twitter while using and displaying the infringing mark,

26  marketing CryptoOracle, and interacting with others online.  Examples of Mr. Kerner's online

27  accounts with evidence of infringing use and acts directed to California and this District are shown

28  below.  Further, Mr. Kerner, with knowledge of Oracle's rights in its ORACLE trademark and

concerns about the inevitable confusion and dilution that will result from use of the CryptoOracle

mark, applied to register CRYPTOORACLE.  Mr. Kerner's continued acts directed toward and within

California have caused and will continue to cause Oracle harm in this District.



/ / /

/ / /

/ / /





11.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) and (c) as the claims arise in this District and Defendants are subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

12.     Intradistrict assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

## ORACLE'S VALUABLE TRADEMARK RIGHTS

13.     Oracle is one of the world's largest technology companies, with annual revenues of more than $39.5 billion.  Oracle offers and sells a variety of technology products and services under Oracle's famous ORACLE mark and large family of ORACLE-formative marks.  Oracle designs, develops, markets and supports computer software products with a wide breadth of uses, including

database management, applications, development tools, computer-aided systems engineering, decision support, computer network communications, end user applications, and office automation.  Oracle also sells computer and software education, training, and related printed and electronic texts and services. Oracle provides consulting, training and maintenance in support of its customers' use of its products, information and communication services pertaining to networks and computer products, and computer-related printed material.  Oracle's products can be found in nearly all industries and in the offices of most of the world's largest and most successful businesses.  Oracle advertises and sells its products and services throughout the United States and the world.

14.     Since at least as early as June 15, 1979, Oracle has continuously and extensively promoted, offered and distributed its computer-related goods and services in interstate commerce under the ORACLE mark.

15.     Oracle is the owner of a large family of trademarks comprised, in whole or in part, of the word mark ORACLE and used in connection with Oracle's computer-related goods and services, which all have been used in commerce for many years.  Many of these trademarks are federally registered on the Principal Register, including the following:

| Trademark | Reg. No. / Date | Class / Products | Date of First Use |
|-----------|-----------------|------------------|-------------------|
| **ORACLE** | 1,200,239 / July 6, 1982 | Class 9:  Pre-Recorded Computer Programs Recorded on Tapes, Disks and Diskettes.<br><br>Class 16:  Introductory Manuals, User Manuals and Guides for Operation of Computerized Data Based Management Systems. | June 1979 |
| **ORACLE** | 1,555,182 / Sept. 5, 1989 | Class 41:  Educational services, namely conducting classes and seminars in the field of computers and computer software used for database management purposes.<br><br>Class 42:  Consulting services in the field of computer software used for database management purposes. | June 1986 |

/ / /

/ / /

| Trademark | Reg. No. / Date | Class / Products | Date of First Use |
|---|---|---|---|
| **ORACLE** | 2,107,556 / Oct. 21, 1997 | Class 35:  Analysis and consulting services in the field of business information management, namely business analysis, business enterprise modeling, and business information organization; licensing software.<br><br>Class 36:  Financing and credit services in the fields of computer software and hardware, computer related printed material, and computer related technical support, education and consulting; analysis and consulting services in the fields of finance, insurance, monetary affairs and real estate.<br><br>Class 42:  Computer software and database design for others; computer hardware, software, and network analysis and consultation in the fields of finance, insurance, monetary affairs, real estate, and business information management. | June 1986 |
| **ORACLE** | 2,040,313 / Feb. 25, 1997 | Class 38:  Broadcasting and communication services, namely, providing a computer network for delivery of computer programs, graphics, text, and other data and information. | March 1993 |
| **ORACLE** | 3,619,756 / May 12, 2009 | Class 41:  Providing stadium facilities for sports and entertainment; arranging and conducting athletic competitions; entertainment in the nature of sporting events and athletic competitions; entertainment in the nature of live performances by a musical band, dance performances, orchestral performances; planning arrangement of electronic lighting; providing information in the field of sports and entertainment by means of the internet, telephone and digital transmission. | Nov. 2006 |
| **ORACLE** | 3,893,045 / Dec. 21, 2010 | Class 9:  Computer hardware; computers. | Dec. 2008 |
| **ORACLE** | 4,102,532 / Feb. 21, 2012 | Classes 9:  computer peripherals; computer data storage devices, namely, magnetic tape drives, blank USB flash drives, computer disk drives, optical disc drives, blank digital data storage media, blank data storage tape, blank data storage disks; integrated computer hardware and computer operating software; computer hardware with preinstalled computer operating software; | 1984 |

| Trademark | Reg. No. / Date | Class / Products | Date of First Use |
|---|---|---|---|
| | | computer servers; computer processors and memory, microprocessors, central processing units, circuit boards, and integrated circuits; a full line of computer software to manage, analyze, retrieve, monitor, maintain, report on, structure, model, forecast, present and display data and information from computer databases, applications and the internet, and for the development, analysis, management, integration, deployment, virtualization and maintenance of computer software and hardware; database software to manage, monitor, track and organize data; computer software applications to manage, monitor, track and organize data, namely, web services software, application server software, business intelligence software, internet and intranet portal software, computer software to automate data warehousing, content management software, telephony software, fax messaging software, electronic mail software, electronic messaging software, scheduling software, social networking software, wireless communications software, operating system software, computer utility software, computer networking software, security and identity management software, virtualization software, cloud computing software, voice enablement software, computer programs for use in developing and executing other computer programs on computers, computer networks, and global communications networks; computer software applications to manage, monitor, track and organize data in the fields of marketing, sales, customer service, contracts, human resources, clinical research, health care, health sciences, education, communications and telecommunications, call centers, customer relationship management, public sector administration, public and private utilities, transportation, insurance, processing, analysis and management of financial transactions, governance, risk and compliance management, management of supply chains, orders, procurement, inventory, assets, projects and manufacturing, business process outsourcing, business consolidation management, business quality management, business project management, business stakeholder-shareholder relationship management, and strategic business, | |

| Trademark | Reg. No. / Date | Class / Products | Date of First Use |
|---|---|---|---|
| | | simulation, enterprise and resource planning.<br><br>Class 16: printed materials, namely books, pamphlets, user manuals, instruction manuals, newsletters and magazines concerning computer software, computers and related topics; pens; pencils; notepad holders.<br><br>Class 41: seminars, courses and workshops in the fields of computers, computer hardware, computer programming, and computer software; seminars, courses and workshops in the fields of design, development, analysis, implementation, management, integration, deployment, maintenance, updating and repair of computer hardware and software; seminars, courses and workshops in the field of technical support services for computer hardware and software; seminars, courses and workshops in the fields of testing, analysis and evaluation of the goods and services of others for the purpose of certification; seminars, courses and workshops in the field of computer database development; seminars, courses and workshops in the fields of design, creation, hosting, maintenance, operation and management of internet web sites; seminars, courses and workshops in the field of on-line trading to facilitate the sale and purchase of goods and services by others; seminars, courses and workshops in the field of providing a wide range of general interest information via the Internet.<br><br>Class 42: computer services, namely, consultation in the field of computer software, computers and computer hardware; programming, design, development, implementation, maintenance, updating and repair of computer software for others; leasing and rental of computer software; hosting of computer software; computer database development services; creating websites for others; design, creation, hosting and maintenance of web sites for others; consultation services and providing technical assistance related to the design, creation, hosting, maintenance, operation, and management of web sites for others; technical support services for computer software, namely, providing updates, | |

| Trademark | Reg. No. / Date | Class / Products | Date of First Use |
|---|---|---|---|
| | | upgrades, patches, fixes and technical documentation; providing information via the internet in the fields of computers, computer hardware, computer programming, and computer software. | |
| **ORACLE** | 4,363,243 / July 9, 2013 | Classes 9:  cases and stands for laptop, notebook and tablet computers, music players, and cell phones; computer mouse pads.<br><br>Class 14:  clocks and watches.<br><br>Class 16:  blank writing books, pen and pencil sets, mechanical pencils, pens.<br><br>Class 18:  wallets, leather credit, debit and business card holders, umbrellas, leather wine bottle bags, traveling bags, messenger bags, sports bags, duffel bags, athletic bags, book bags, hard-sided and soft-sided carry-on bags.<br><br>Class 20:  non-precious metal picture frames.<br><br>Class 21:  drinking glasses and mugs.<br><br>Class 24:  blanket throws.<br><br>Class 28:  toys, namely, mechanical and stuffed dolls; sporting goods, namely, golf bags, golf balls, golf ball markers, and golf club head covers.<br><br>Class 41:  entertainment services in the nature of sailboat racing and exhibitions. | 1984 |
| **ORACLE** | 3,030,079 / Dec. 13, 2005 | Class 25:  Clothing, namely, shirts, sweatshirts, jackets and caps. | July 1980 |
| ORACLE | 2,997,144 / Sept. 20, 2005 | Class 9:  A full line of computer software to manage, analyze, retrieve, monitor, maintain, report on, structure, model, forecast, present and display data and information from computer databases and the internet, and for the development, analysis, management, integration, deployment and maintenance of computer software; web services software, application server software, database software, business intelligence software, internet and intranet portal software, | 1984 |

| Trademark | Reg. No. / Date | Class / Products | Date of First Use |
|---|---|---|---|
| | | data warehousing software, content management software, online trading software, online training software, telephony software, fax messaging software, electronic mail software, scheduling software, wireless communications software, and voice enablement software; computer software applications in the fields of marketing, sales, customer service, contracts, human resources, clinical research, health care, education, communications and telecommunications, call centers, public sector administration, public and private utilities, processing, analysis and management of financial transactions, management of supply chains, orders, procurement, inventory, assets, projects and manufacturing, business consolidation management, business risk management, business quality management, business project management, business stakeholder-shareholder relationship management, and strategic business, simulation, enterprise and resource planning; and instructional manuals sold as a unit. | |
| ORACLE | 3,116,749 / July 18, 2006 | Class 9:  A full line of computer software to manage, analyze, retrieve, monitor, maintain, report on, structure, model, forecast, present and display data and information from computer databases and the internet, and for the development, analysis, management, integration, deployment and maintenance of computer software; web services software, application server software, database software, business intelligence software, internet and intranet portal software, data warehousing software, content management software, online trading software, online training software, telephony software, fax messaging software, electronic mail software, scheduling software, wireless communications software, and voice enablement software; computer software applications in the fields of marketing, sales, customer service, contracts, human resources, clinical research, health care, education, communications and telecommunications, call centers, public sector administration, public and private utilities, processing, analysis and management of financial transactions, management of supply chains, orders, procurement, inventory, assets, | 1984 |

| Trademark | Reg. No. / Date | Class / Products | Date of First Use |
|---|---|---|---|
| | | projects and manufacturing, business consolidation management, business risk management, business quality management, business project management, business stakeholder-shareholder relationship management, and strategic business, simulation, enterprise and resource planning; and instructional manuals sold as a unit. | |
| ORACLE | 3,192,864 / Jan. 2, 2007 | Classes 16:  Printed materials, namely books, pamphlets, user manuals, instruction manuals, newsletters and magazines concerning computer software, computers and related topics; pens; notepad holders.<br><br>Class 42:  Computer services; namely, consultation in the field of computer software; programming, design, development, analysis, implementation, installation, management, integration, deployment and updating of computer software for others; dissemination, leasing and rental of computer software; leasing access to a full line of non-downloadable computer software; hosting of computer software for others; technical support services for computer software, namely problem troubleshooting; testing, analysis and evaluation of the goods and services of others for the purpose of certification; computer database development services; creating websites for others; design, creation, hosting and maintenance of web sites for others; information technology consultation services, namely providing technical assistance related to the design, creation, hosting, maintenance, operation, and management of web sites for others. | 1984 |
| ORACLE | 4,870,864 / Dec. 15, 2015 | Class 42:  Hosting of computer software; leasing and rental of computer hardware and computer peripherals; leasing access to computer hardware and computer peripherals; computer services, namely, providing access to non-downloadable computer software; computer services, namely, providing computer software, platforms, infrastructure, databases and data as a service; computer services, namely, providing cloud computing services in the following fields:  a full line of computer software to manage, analyze, retrieve, monitor, | Dec. 1999 |

| Trademark | Reg. No. / Date | Class / Products | Date of First Use |
|---|---|---|---|
| | | maintain, report on, structure, model, forecast, present and display data and information from computer databases, applications and the internet, and for the development, analysis, management, integration, deployment, virtualization and maintenance of computer software and hardware; database software to manage, monitor, track and organize data; computer software applications to manage, monitor, track and organize data, namely, web services software, application server software, business intelligence software, internet and intranet portal software, computer software to automate data warehousing, content management software, telephony software, fax messaging software, electronic mail software, electronic messaging software, scheduling software, social networking software, wireless communications software, operating system software, computer utility software, computer networking software, security and identity management software, virtualization software, cloud computing software, voice enablement software, and computer programs for use in developing and executing other computer programs on computers, computer networks, and global communications networks. computer software applications to manage, monitor, track and organize data in the fields of marketing, sales, customer service, contracts, human resources, clinical research, health care, health sciences, education, communications and telecommunications, call centers, customer relationship management, public sector administration, public and private utilities, transportation, insurance, financial transaction processing, analysis and management, governance, risk and compliance management, management of supply chains, orders, procurement, inventory, assets, projects and manufacturing, business process outsourcing, business consolidation management, business quality management, business project management, business stakeholder-shareholder relationship management, and strategic business, simulation, enterprise and resource planning. | |

| Trademark | Reg. No. / Date | Class / Products | Date of First Use |
|---|---|---|---|
| **ORACLE OPENWORLD** | 3,031543 / Dec. 20, 2005 | Class 35:  Conducting trade shows and exhibitions in the fields of computers, computer software, computer peripherals, computer networking, technology planning, business management, and product demonstrations.<br><br>Class 41:  Conducting educational conferences, seminars, speeches, and entertainment, namely live and audio-visual presentations, all in the fields of computers, computer software, computer peripherals, computer networking, technology planning, and business management. | Sept. 1997 |

A number of the ORACLE marks identified above, including U.S. Registration Nos. 2,107,556 (registered October 21, 1997); 2,997,144 (registered September 30, 2005); 3,115,749 (registered July 18, 2006); 4,102,532 (registered February 21, 2012); and 4,870,864 (registered December 15, 2015), cover analysis and/or consulting services related to financial transactions.  Many of these registrations have become incontestable.  Attached hereto as Exhibit A are true and correct copies of the federal trademark registrations issued for these and the other trademarks listed in the chart above, all of which are in full force and effect.  Together, these registered rights and Oracle's common law rights in its family of ORACLE-formative marks are referenced in this Complaint as the "ORACLE marks."

16.     Oracle has been using the ORACLE trademark continuously for decades in connection with goods and services that are identical or substantially similar to services offered by Defendants, namely financial and business consulting services related to financial transactions.  Moreover, Oracle has used its ORACLE and ORACLE OPENWORLD trademarks for more than a decade to brand educational services, seminars, courses, workshops and other programming that provides networking opportunities to the technology field.

17.     As a worldwide leader in technology solutions, Oracle's resources, infrastructure, technology, and expertise allowed Oracle to become an early adopter and provider of blockchain solutions and products to its customers, including those customers in the banking, technology, and finance

industries.  Blockchain, which is a type of distributed ledger technology, is probably best-known as the technology behind cryptocurrency, *i.e.*, digital *currency* built with *crypto*graphic protocols that make transactions secure and difficult to fake.  Likewise, cryptocurrency is probably the most well-known use of blockchain.  Among many consumers, blockchain technology and cryptocurrency go hand-in-hand together, though blockchain has numerous other applications beyond cryptocurrency.

18.     Given Oracle's business, one particular advantage Oracle offers against its competitors is the seamless integration of blockchain with Oracle's existing and trusted systems and applications.  Further, through extensive marketing, advertising, promotion and commercial use of the mark, Oracle has developed goodwill in the ORACLE marks, conferring substantial common law rights in the name and mark long before Defendants' unlawful adoption of the CryptoOracle name and mark for services that overlap with Oracle's own offerings.

19.     Like many of its offerings, Oracle uses the ORACLE marks in connection with these blockchain solutions, products and services, such as the Oracle Blockchain Platform.  Attached as Exhibit B is a copy of the Oracle Blockchain Platform main web page.  The Oracle Blockchain Platform, blockchain products and services are important to Oracle's growth and offerings.  Exhibit C collects examples of marketing materials promoting Oracle's blockchain events, products and services.  Additionally, Oracle owns pending application Serial Number 88/339,821 in the United States Patent and Trademark Office for federal trademark registration of the ORACLE mark for blockchain PaaS, and related services.

20.     Oracle is also the owner of the domain name <www.oracle.com> and has a longstanding and well-known presence on the Internet.  Oracle first registered the domain name <www.oracle.com> on December 2, 1988 and has used the domain continuously since that time.  The <www.oracle.com> website has been used to promote Oracle products and services, to provide a wide range of information about the company and its products, to provide customer support, and, since at least 1995, to offer online sales of Oracle software products and services.

**PUBLIC RECOGNITION, GOODWILL, AND FAME OF ORACLE'S TRADEMARKS**

21.     During the more than forty years that Oracle has been continuously using the ORACLE mark in interstate commerce for its goods and services, it has sold many billions of dollars of goods

1   and services under the ORACLE marks.  Oracle has spent millions of dollars marketing its goods and

2   services under the ORACLE marks in a variety of media, including but not limited to television, a

3   wide variety of both general circulation and specialized print media, billboards, trade shows and via

4   the Internet.  In that time, the goods and services offered by Oracle under the ORACLE marks have

5   been the subject of numerous articles in general circulation newspapers and magazines, as well as

6   radio, television and Internet broadcasts.

7        22.    Oracle has invested considerable resources advertising the ORACLE marks nationwide

8   and worldwide for more than three decades.  As a result of this continuous and substantial effort and

9   expense, and due to the quality of its goods and services, Oracle enjoys a reputation as one of the best-

10  known and most innovative technology companies in the world.

11       23.    As a result of the use and advertising described in the foregoing paragraphs, the

12  ORACLE marks possess secondary meaning in the minds of the consuming public nationwide and

13  worldwide as identifying Oracle's goods and services and being associated with Oracle exclusively.

14       24.    The ORACLE trademark became famous and distinctive well before Defendants began

15  using the copycat CryptoOracle brand and mark.  It is well known and among Oracle's most valuable

16  assets.

17                              **DEFENDANTS' WRONGFUL ACTS**

18       25.    Long after the ORACLE trademark became famous, and after Oracle established

19  rights at common law and through registrations covering its ORACLE marks, Defendants adopted

20  the infringing CryptoOracle trademark as a business name and brand, and registered a set of domain

21  names containing the mark.  On information and belief, Defendants intentionally incorporated the

22  ORACLE trademark in the CryptoOracle business name and brand in order to trade on Oracle's repu-

23  tation as an innovator and leader within the technology industry, and to evoke among consumers the

24  goodwill that Oracle has built in its own famous brand.

25       26.    Defendants' use of the CryptoOracle name incorporates the ORACLE trademark in its

26  entirety, adding only the descriptive term "crypto." The CryptoOracle name is therefore highly similar

27  in appearance, sound and commercial impression to Oracle's ORACLE marks.

28  / / /

27.    Defendants use the CryptoOracle name to advertise, market, offer and sell services that are identical to or closely related to the goods and services that Oracle offers and has offered under its ORACLE marks continuously for many years.

28.    Defendants market their services to similar customer groups and through the same or related channels of trade as those through which Oracle offers and sells its goods and services.

29.    Defendants use a set of domain names that incorporate the infringing and diluting CryptoOracle mark, each of which is also likely to cause or fuel confusion among consumers, including <www.cryptooracle.io>; <www.cryptooracle.co>; <www.cryptooracle.fund>; and <www.cryptooraclefund.com> ("the Domain Names").  Defendants registered and use the Domain Names in bad faith, with the intent, on information and belief, to lead the public to the erroneous conclusion that the Domain Names and the corresponding websites offer services that originated with, and/or are sponsored by, and/or authorized by Oracle.

30.    In addition to confusing and misleading consumers and the public, Defendants' use of the CryptoOracle name and mark, if left unchecked, will inevitably dilute the distinctive quality of the famous ORACLE trademark, impairing Oracle's ability to use its mark to inform consumers that it is the source of its goods and services, and otherwise injuring Oracle's reputation and that of the ORACLE trademark.

31.    Promptly upon learning of Defendants' conduct described in this Complaint, Oracle notified Defendants, through cease and desist correspondence, that the CryptoOracle mark violates Oracle's intellectual property rights, and explained Oracle's concerns about inevitable confusion and dilution, and the impact on Oracle's brand.  Oracle requested that Defendants cease use of the CryptoOracle name and any other names that reproduce the ORACLE mark.  Defendants' response – including Mr. Kerner's application to register CRYPTOORACLE despite actual notice of Oracle's registered and common law trademark rights – necessitated this action.

32.    Defendants' conduct constitutes an ongoing threat to Oracle and the public.  Unless Defendants are restrained and enjoined from engaging in this infringing and diluting conduct, Oracle will suffer irreparable injury.  It would be difficult to ascertain the amount of compensation that could

/ / /

afford Oracle adequate relief for the acts of Defendants, present and threatened, and Oracle's remedy at law is not adequate in and of itself to compensate them for said harm and damage.

**FIRST CLAIM FOR RELIEF**
**INFRINGEMENT OF REGISTERED TRADEMARK**
**(15 U.S.C. § 1114; Lanham Act § 32)**

33.     Oracle incorporates by reference the allegations in paragraphs 1 through 32 above, as though they were fully set forth in this Claim.

34.     Defendants' use of CryptoOracle and the Domain Names and any other terms, marks and domain names that are confusingly similar to the ORACLE marks, constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35.     As a direct and proximate cause of Defendants' conduct, Oracle is entitled to monetary damages. 15 U.S.C. § 1117(a). Oracle is also entitled to injunctive relief prohibiting Defendants from using any marks, tradenames, domain names or other identifiers that contain the ORACLE marks or any other terms that are likely to be confused with the ORACLE marks under 15 U.S.C § 1116(a). Without injunctive relief, Oracle has no means by which to prevent the continuing injury to its reputation and goodwill. Oracle has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Oracle if it loses the ability to control the use of the ORACLE marks, and its reputation and associated goodwill is damaged through the false and unauthorized use of its marks.

36.     Because Defendants' actions have been willful, malicious and intentional, this is an exceptional case and Oracle is entitled to recover Defendants' profits together with Oracle's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**
**UNFAIR COMPETITION UNDER FEDERAL LAW**
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

37.     Oracle incorporates by reference the allegations in paragraphs 1 through 36, above, as though they were fully set forth in this Claim.

38.     Upon information and belief, Defendants' CryptoOracle name and the Domain Names were deliberately chosen to be confusingly similar to the ORACLE marks and, as such, their use in

commerce constitutes a willful and deliberate false designation of origin and false deception, as well as unfair competition with Oracle and an attempt to palm off or permit others to palm off Defendants' services as those of Oracle.

39.    Defendants' use of the CryptoOracle name and Domain Names is likely to cause confusion, mistake, and deception to the public, and to lead consumers to the erroneous impression that Defendants or their services originate with, or are endorsed or sponsored by, or affiliated with Oracle, or that there is some association between Oracle and its goods and services and Defendants and their services.

40.    Defendants' conduct constitutes trademark infringement and unfair competition in violation of Section 43(a) of the Trademark Act (15 U.S.C. 1125(a)).

41.    Defendants' acts have caused, are causing, and—unless enjoined—will likely continue to cause, irreparable harm and injury to Oracle's business, reputation, and good will.  Such acts are and have been willful and malicious, carried out with full knowledge that such acts are in violation of the law and will irreparably harm Oracle.

42.    As a direct and proximate cause of Defendants' conduct, Oracle is entitled to monetary damages.  15 U.S.C. § 1117(a).  Oracle is also entitled to injunctive relief prohibiting Defendants from using any marks, tradenames, domain names or other identifiers that contain the ORACLE marks or any other terms that are likely to be confused with the ORACLE marks under 15 U.S.C § 1116(a). Without injunctive relief, Oracle has no means by which to control the continuing injury to its reputation and goodwill and that of its ORACLE marks.  Oracle has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Oracle if it loses the ability to control the use of the ORACLE mark, and its reputation and associated goodwill is damaged through the false and unauthorized use of its marks.

43.    Because Defendants' actions have been willful, malicious and intentional, this is an exceptional case and Oracle is entitled to recover Defendants' profits together with Oracle's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

/ / /

**THIRD CLAIM FOR RELIEF**
**TRADEMARK DILUTION UNDER FEDERAL LAW**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

44.     Oracle incorporates by reference the allegations in paragraphs 1 through 43 above, as though they were fully set forth in this Claim.

45.     Oracle's ORACLE trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c) and became famous before Defendants' first use of CryptoOracle, which incorporates the ORACLE trademark in its entirety.

46.     Defendants' conduct is likely to cause dilution of the ORACLE trademark by diminishing its distinctiveness and/or tarnishing its reputation in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

47.     As a direct and proximate cause of Defendants' conduct, Oracle is entitled to monetary damages.  15 U.S.C. § 1117(a).  Oracle is also entitled to injunctive relief prohibiting Defendants from using any marks, tradenames, domain names or other identifiers that contain the ORACLE trademark or any other terms that are substantially similar to the ORACLE trademark under 15 U.S.C § 1116(a). Without injunctive relief, Oracle has no means by which to control the continuing injury to its reputation and goodwill or of the continuing dilution of the ORACLE trademark.  Oracle has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Oracle if it loses the ability to control the use of the ORACLE trademark, and its reputation and associated goodwill is damaged through the false and unauthorized use of its mark.

48.     Because Defendants' actions have been willful, malicious and intentional, this is an exceptional case and Oracle is entitled to recover Defendants' profits together with Oracle's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

**FOURTH CLAIM FOR RELIEF**
**BAD FAITH REGISTRATION AND USE OF DOMAIN NAMES**
**(15 U.S.C. § 1125(d))**

49.     Oracle incorporates by reference the allegations in paragraphs 1 through 48 above, as though they were fully set forth in this Claim.

/ / /

1    50.    Oracle is the owner of the famous ORACLE trademark and the owner of incontestable

2    trademark registrations for the ORACLE marks.

3    51.    The ORACLE marks are distinctive and have become associated indelibly with Oracle

4    as a result of Oracle's extensive advertising, promotion, use, and sale of goods and services under the

5    ORACLE marks, and their widespread recognition by the public.

6    52.    On information and belief, Defendants are the registered owner(s) and the user(s) of

7    the Domain Names which are substantially identical and confusingly similar to the ORACLE marks.

8    53.    Defendants registered the Domain Names with a bad faith intent to profit from them,

9    in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

10    54.    Oracle is entitled to monetary damages, including statutory damages, and injunctive

11    relief prohibiting Defendants from using "Oracle" in any domain name.  15 U.S.C. §§ 1117(a) and (d).

12    Without preliminary and permanent injunctive relief, Oracle has no means by which to control the

13    continuing injury to its reputation and goodwill or of the continuing dilution of the ORACLE mark.

14    Oracle has been and will continue to be irreparably harmed.  No amount of money damages can

15    adequately compensate Oracle if it loses the ability to control the use of the ORACLE mark, and its

16    reputation and associated goodwill is damaged through the false and unauthorized use of its mark.

17    Oracle is entitled to injunctive relief prohibiting Defendants from using any domain names containing

18    "Oracle" or any other terms that are likely to be confused with or to dilute the ORACLE mark and

19    requiring Defendants to transfer the Domain Names to Oracle.

20    55.    Because Defendants' actions have been willful, malicious and intentional, this is an

21    exceptional case and Oracle is entitled to recover Defendants' profits together with Oracle's damages,

22    trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham

23    Act, 15 U.S.C. § 1117(a).

**FIFTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**UNDER CALIFORNIA STATUTORY LAW**
**(Cal. Bus. & Prof. Code §§ 14200 and 17200 *et seq.*)**

27    56.    Oracle incorporates by reference the allegations in paragraphs 1 through 55 above,

28    as though they were fully set forth in this Claim.

COMPLAINT – Case No. 3:19-cv-04900                                                    - 24 -

57.     Oracle is the owner of numerous registrations for the ORACLE marks.

58.     Oracle is the owner of common law rights for the ORACLE marks.

59.     Defendants are using – and Mr. Kerner is seeking to register – the CryptoOracle name and mark without the consent of Oracle in connection with the sale of services related to the goods and services of Oracle.

60.     Defendants' use of and application to register the CryptoOracle name, which incorporates the ORACLE trademark in its entirety, is likely to cause confusion, mistake, and deception as to the source of origin of those services.

61.     Defendants are using the ORACLE marks to enhance the commercial value of their services.

62.     Defendants' acts violate Oracle's trademark rights under California Business & Professions Code §§ 14200 *et seq*.

63.     Defendants' conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code § 17200 *et seq*.

64.     Oracle is entitled to monetary damages and injunctive relief prohibiting Defendants from using and seeking registration of any marks, tradenames, domain names or other identifiers that contain the ORACLE marks or any other terms that are likely to be confused with the ORACLE mark. Without injunctive relief, Oracle has no means by which to control the continuing injury to its reputation and goodwill or that of the ORACLE marks. Oracle has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Oracle if it loses the ability to control the use of the ORACLE marks, and its reputation and associated goodwill is damaged through the false and unauthorized use of its mark.

65.     Because Defendants' actions are willful, malicious and intentional, Oracle is entitled to recover lost profits together and trebled damages pursuant to California Business & Professions Code § 14250.

/ / /

/ / /

**SIXTH CLAIM FOR RELIEF**
**TRADEMARK DILUTION UNDER CALIFORNIA LAW**
**(Cal. Bus. & Prof. Code § 14247)**

66.     Oracle incorporates by reference the allegations in paragraphs 1 through 65 above, as though they were fully set forth in this Claim.

67.     Oracle owns valid and protectable rights in its registered ORACLE trademark, which became famous long before Defendants adopted or used the CryptoOracle name and mark.

68.     Defendants' use of the CryptoOracle name and mark – which incorporates the famous ORACLE trademark in its entirety – is likely to dilute the distinctive quality of Oracle's ORACLE trademark.

69.     Defendants' acts constitute trademark dilution under California Business & Professions Code § 14247.

70.     Oracle is entitled to monetary damages and injunctive relief prohibiting Defendants from using any marks, tradenames, domain names or other identifiers that contain the ORACLE trademark or any other terms that are likely to be confused with the ORACLE trademark.  Without injunctive relief, Oracle has no means by which to control the continuing injury to its reputation and goodwill or of the continuing dilution of the ORACLE trademark.  Oracle has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Oracle if it loses the ability to control the use of the ORACLE trademark, and its reputation and associated goodwill is damaged through the false and unauthorized use of its mark.

71.     Because Defendants' actions are willful, malicious and intentional, Oracle is entitled to recover lost profits together and trebled damages pursuant to California Business & Professions Code § 14250.

**SEVENTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW**

72.     Oracle incorporates by reference the allegations in paragraphs 1 through 71 above, as though they were fully set forth in this Claim.

73.     Oracle owns valid and protectable rights in its ORACLE marks at common law.

/ / /

74.     Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of services offered by Defendants or as to affiliation, connection, association, sponsorship, or approval of such services, and constitutes infringement of Oracle's ORACLE marks at common law.

75.     Defendants infringed Oracle's ORACLE marks with knowledge and intent to cause confusion, mistake, or deception.

76.     Defendants' conduct is aggravated by that kind of willfulness, wantonness, malice and conscious indifference to the rights and welfare of Oracle for which California law allows the imposition of exemplary damages.

77.     Oracle has suffered damages as a direct and proximate result of Defendants' activities.

78.     Unless restrained and enjoined, the conduct of Defendants will further impair the value of the ORACLE marks and Oracle's business reputation and goodwill.  Oracle has no adequate remedy at law.

79.     Oracle is entitled to monetary damages and injunctive relief prohibiting Defendants from using any marks, tradenames, domain names or other identifiers that contain the ORACLE marks or any other terms that are likely to be confused with the ORACLE marks.  Without injunctive relief, Oracle has no means by which to control the continuing injury to its reputation and goodwill or that of its ORACLE marks.  Oracle has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Oracle if it loses the ability to control the use of the ORACLE marks, and its reputation and associated goodwill is damaged through the false and unauthorized use of its marks.

80.     Because Defendants' actions are willful, malicious and intentional, Oracle is entitled to recover reasonable attorneys' fees, and compensatory and punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Oracle prays for judgment against Defendants as follows:

1.     Adjudge that Oracle's ORACLE marks have been infringed by Defendants in violation of Oracle's rights under common law, 15 U.S.C. § 1114, and/or California law;

/ / /

2.      Adjudge that Defendants have competed unfairly with Oracle in violation of Oracle's rights under common law, 15 U.S.C. § 1125(a), and/or California law;

3.      Adjudge that Defendants' activities are likely to dilute Oracle's famous ORACLE trademark in violation of Oracle's rights under common law, 15 U.S.C. § 1125(c), and/or California law;

4.      Adjudge that Defendants, their agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through, or under them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.      Producing, sourcing, importing, selling, offering, distributing, advertising, or promoting any goods or services in connection with the CryptoOracle mark, or in connection with any other reproductions of Oracle's ORACLE marks, or any trademarks that are substantially similar to the Oracle marks;

b.      Producing, sourcing, importing, selling, offering, distributing, advertising, or promoting any goods in connection any words or symbols that so resemble Oracle's ORACLE marks as to be likely to cause confusion, mistake, or deception, on or in connection with any good or service that is not authorized by or for Oracle, including, without limitation, any good or service that is offered under the CryptoOracle mark which is the subject of this Complaint and for which Defendants are responsible, or any other approximation of the ORACLE marks;

c.      Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendants or their products with Oracle, or as to the origin of Defendant's goods or services, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising;

d.      Further infringing the rights of Oracle in and to any of its trademarks in or otherwise damaging Oracle's goodwill or business reputation;

e.      Further diluting the ORACLE trademark;

f.      Otherwise competing unfairly with Oracle in any manner; and

1          g.      Continuing to perform in any manner whatsoever any of the other acts

2 complained of in this Complaint;

3       5.      Adjudge that Defendants and any officers, affiliate companies, agents, servants,

4 employees, successors, licensees, and assigns, and all others in concert and privity with them are

5 enjoined during the pendency of this action, and permanently thereafter, from using in any manner

6 "Oracle," including but not limited to seeking trademark rights thereto, and the domain names

7 <www.cryptooracle.io>, <www.cryptooracle.co>, <www.cryptooraclefund.com>, and

8 <www.cryptooracle.fund> and any other marks and domain names that are confusingly or substan-

9 tially similar to or contain the ORACLE marks;

10       6.      Adjudge that Defendants be ordered to recall and destroy all written and electronic

11 material, including but not limited to packages, labels, advertising and promotional material, and related

12 items which use the infringing or diluting marks or any other trade name, trademark, or service mark

13 which is likely to be confused with, or that dilutes the distinctive quality of the ORACLE marks;

14       7.      Adjudge that Defendants be ordered to take down the website at <www.cryptooracle.io>,

15 <www.cryptooracle.co>, <www.cryptooraclefund.com>, and <www.cryptooracle.fund> and any other

16 domain names that are confusingly or substantially similar to the ORACLE marks, and to transfer

17 ownership of the Domain Names to Plaintiff Oracle Corporation;

18       8.      Adjudge that Defendant Mr. Kerner be ordered to expressly abandon the trademark

19 application for CRYPTOORACLE, U.S. Serial No. 88/242,342, and Defendants be prohibited from

20 applying to register any other trade name, trademark, or service mark which is likely to be confused

21 with, or that dilutes the distinctive quality of the ORACLE marks;

22       9.      Adjudge that Defendants be required immediately to supply Oracle's counsel with a

23 complete list of individuals and entities from whom or which it purchased, and to whom or which it

24 sold, offered for sale, distributed, advertised, or promoted, products or services under the infringing

25 or diluting marks, including CryptoOracle, as alleged in this Complaint;

26       10.      That Defendants, within thirty (30) days after having been served with judgment, with

27 notice of entry upon it, be required to file with this Court and to serve upon Oracle, a written report,

28 / / /

1    under oath, setting forth in detail, the manner in which Defendants has complied with this Court's

2    order;

3        11.    Adjudge that Oracle recover from Defendants statutory damages for Defendants'

4    registration, trafficking, and/or use of Domain Names that reproduce Oracle's federally registered

5    trademarks, and that Oracle recover its damages and lost profits from Defendants, as well as

6    Defendants' profits, in an amount to be proven at trial, as well as punitive damages under California

7    law;

8        12.    Adjudge that Defendants be required to account for any profits that are attributable to

9    their illegal acts, and that Oracle be awarded (1) Defendants' profits and (2) all damages sustained

10   by Oracle, under 15 U.S.C. § 1117, plus prejudgment interest;

11       13.    Adjudge that the amounts awarded to Oracle pursuant to 15 U.S.C. § 1117 shall be

12   trebled;

13       14.    Order an accounting of and impose a constructive trust on all of Defendants' funds

14   and assets that arise out of Defendants' infringing activities;

15       15.    Adjudge that Oracle be awarded its costs and disbursements incurred in connection

16   with this action, including Oracle's reasonable attorneys' fees and investigative expenses; and

17       16.    Adjudge that all such other relief be awarded to Oracle as this Court deems just and

18   proper.

19

20   Dated:  August 15, 2019                    Respectfully submitted,

21                                              KILPATRICK TOWNSEND & STOCKTON LLP

22

23                                             By:_____/s/ *Ryan T. Bricker*_____

24                                                       Ryan t. Bricker

25                                             Attorneys for Plaintiffs
                                               ORACLE CORPORATION and
26                                             ORACLE INTERNATIONAL CORPORATION

27

28

1

## <u>JURY DEMAND</u>

2
     Plaintiffs hereby demand that this action be tried to a jury.

3

4
Dated:  August 15, 2019

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By:_____*/s/ Ryan T. Bricker*_____
                                Ryan T. Bricker

Attorneys for Plaintiffs
ORACLE CORPORATION and
ORACLE INTERNATIONAL CORPORATION

72245975V.1 | 1109316