UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CRYPTO ORACLE, LLC, et al., <br><br> Defendants. | Case No. 19-cv-04900-JCS <br><br> **ORDER GRANTING AS MODIFIED MOTION TO SERVE BY ALTERNATIVE MEANS** <br><br> Re: Dkt. No. 15 |

Plaintiff Oracle Corporation ("Oracle Corp.") brings this action against Defendants Crypto Oracle, LLC and its principal Louis Kerner. On October 17, 2019, Oracle Corp. served Crypto Oracle by personal service on its registered agent, a Delaware LLC. *See* Proof of Service (dkt. 9). The Clerk entered Crypto Oracle's default on December 12, 2019. *See* Clerk's Notice of Default (dkt. 14). Oracle Corp. has not been able to complete service on Kerner, and now moves for permission to serve Kerner by email. *See generally* Mot. (dkt. 15). The Court held a hearing on January 17, 2020.

Kerner has communicated by email with Oracle Corp.'s counsel. Bricker Decl. (dkt. 15-1) ¶¶ 5–9, 14. Although he has not responded to counsel's requests that he accept or waive service of the complaint, he has responded to emails on other topics related to this action. *Id.* None of the emails that Oracle Corp.'s counsel sent to Kerner "have bounced back or otherwise been returned as undeliverable." *Id.* ¶ 7.

Despite Kerner's ongoing communication with Oracle Corp.'s counsel regarding the case, Oracle Corp. has not been able to serve Kerner by any means specifically authorized by the California Code of Civil Procedure. On October 22, 2019, Oracle Corp.'s "process server attempted to personally serve Kerner at his residence in New York City, but was turned away from the building by a lobby attendant," and the process server received the same result on a second

attempt. *Id.* ¶ 3. On November 20, 2019, Oracle Corp. sent process to Kerner's last known address by certified mail, but the U.S. Postal Service notified Oracle Corp. several days later that delivery was unsuccessful. *Id.* ¶¶ 10–11. An investigation revealed two additional addresses purportedly used by Kerner—in Plainview, New York, and West Palm Beach, Florida—but attempts to send documents by certified mail to those addresses failed as well. *Id.* ¶¶ 12–13. In a letter to the Court dated January 2, 2020 and postmarked the following day, a Louis Kerner living in West Palm Beach states that he and his daughter (who lives in Plainview) have received documents related to this case but that while his "name is the same as the Owner of this company," he has "no knowledge of this matter" and is "not the person they are looking for." *See* Letter (dkt. 18). Oracle Corp.'s attorney agreed at the hearing that the Louis Kerner in West Palm Beach is a different person from the defendant in this action.

Rule 4(e) of the Federal Rules of Civil Procedure provides that service on an individual within a judicial district of the United States may be completed, among other permissible methods, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Oracle Corp. relies on section 413.30 of the California Code of Civil Procedure, which reads as follows:

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court.

Cal. Civ. Proc. Code § 413.30. District courts "have construed Section 413.30 as authorizing service by email where email service 'is reasonably calculated to give actual notice to the party to be served,' particularly where there is evidence that the defendant is evading service." *Panini Am., Inc. v. Kollectorsvault, LLC*, No. 19-cv-03800-LB, 2019 WL 6311414, at *2 (N.D. Cal. Nov. 25, 2019) (citing several decisions from this district).

The Court concludes that in light of Kerner's ongoing communication with counsel using his email address, service via email at that address is "reasonably calculated to give actual notice." The likelihood of actual notice also satisfies constitutional due process concerns. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The Court further concludes that such

service is appropriate under section 413.30 in light of Oracle Corp.'s unsuccessful attempts to serve Kerner by more traditional means. The lobby attendant's refusal to allow a process server into Kerner's building, the failed certified mail deliveries, and Kerner's failure to respond to emails regarding service when he has responded to other emails from Oracle Corp.'s counsel together support an inference that Kerner is evading service, and that Oracle Corp. lacks any other reasonable option for service more likely to provide notice to Kerner.

At the hearing, Oracle Corp.'s attorney stated that Kerner and Crypto Oracle have retained counsel, who is now in contact with Oracle Corp.'s counsel. In an abundance of caution, the Court will require Oracle Corp. to complete service by, in addition to serving Kerner by email directly, also serving summons and the complaint on Kerner's counsel by email and first-class mail. So long as Oracle Corp. sends process to email and mailing addresses that it believes in good faith to be valid for Kerner's counsel, any failure of actual delivery to counsel will not defeat service.

Oracle Corp.'s motion is GRANTED as modified by this order. Oracle Corp. may serve Kerner by email at lou@cryptooracle.io, by email to Kerner's attorney, and by first-class mail to Kerner's attorney. Oracle Corp. is instructed to include a copy of this order in its service of process, and to file proof of service after it has done so.

**IT IS SO ORDERED.**

Dated: January 17, 2020

JOSEPH C. SPERO
Chief Magistrate Judge